# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RES-NV APC, LLC,

    Plaintiff,

v.

ASTORIA PEARL CREEK, LLC, *et al*.,

    Defendants.

Case No. 2:11-cv-00381-LDG (RJJ)

**ORDER**

    The plaintiff, RES-NV APC, LLC, brought this action, alleging that this court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), as the civil action is between citizens of different states and the amount in controversy exceeds $75,000.00. The defendants move to dismiss (#12) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that diversity jurisdiction does not exist. RES-NV APC opposes (#17). Having considered the papers and pleadings, the Court agrees that diversity jurisdiction does not exist and will dismiss the complaint.

    A defendant may move pursuant to Rule 12(b)(1) to dismiss a complaint for lack of subject-matter jurisdiction. When such a motion is made, the plaintiff bears the burden of establishing that the court has the requisite subject-matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

A court must dismiss a complaint if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

When a defendant challenges a complaint for lack of subject-matter jurisdiction facially, a court must take as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). When a defendant challenges a complaint for lack of subject-matter jurisdiction factually, no presumption of truthfulness attaches to plaintiff's allegations, and a "district court may hear evidence and make findings of fact necessary to rule on the subject-matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits." *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

<u>Diversity Jurisdiction</u>

This court lacks diversity jurisdiction over this civil matter because the Federal Deposit Insurance Corporation (a) is a federal corporation that is not a citizen of any state,[1] and (b) is a member of the limited liability company that is the sole member of RES-NV APC. Pursuant to §1332(a), this court has original jurisdiction over civil actions between citizens of different states. Conversely, the Court lacks original jurisdiction, under §1332(a), over civil actions that are <u>not</u> between citizens of different states, including actions in which one party is not a citizen of any particular State. *See, Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3rd Cir. 2008); *ISI International, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003).

---

[1] This fact is contrary to the allegations of RES-NV APC's complaint. RES-NV APC alleged, instead, that the FDIC is a Delaware corporation with its principal place of business in Washington, D.C. In moving to dismiss, the defendants, RES-NV APC does not dispute that, contrary to its allegation, the FDIC is federally-chartered corporation that is not a citizen of any state.

The citizenship of a limited liability corporation is the citizenship of all of its members.  *See, Johnson v. Columbia Properties Anchorange, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  RES-NV APC has a single member, Multibank 2009-1 RES-ADC Venture, LLC.  Multibank 2009-1 RES-ADC Venture, LLC, has two members: (a) RL RES 2009-1 Investments, LLC and (b) the FDIC.  The citizenship of RL RES 2009-1 Investments, LLC is Florida and Delaware.[2]  A federal corporation, such as the FDIC, "is not a citizen of any particular state for diversity purposes."  *Hancock Financial Corp., v. Federal Sav. and Loan Ins. Co.*, 492 F.2d 1325 (9th Cir. 1974).  As the citizenship of RES-NV APC's members is Delaware, Florida and "no particular State," the citizenship of the RES-NV APC is Delaware, Florida, and "no particular State."

The Supreme Court has consistently interpreted the diversity statute to require "complete diversity" of citizenship.  *See Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806).  In considering whether this Court can exercise diversity jurisdiction pursuant to §1332(a), the Court must compare each citizenship of the RES-NV APC against each defendant.  This requires acknowledging that a citizenship of RES-NV APC is "no particular State."  Accordingly, as RES-NV APC has among its citizenships the citizenship of no particular State, this Court lacks original jurisdiction under §1332(a) over this action.

The Court would note that, in opposing the defendants' motion, RES-NV APC concedes that the FDIC is a citizen of no particular state.  RES-NV APC does not offer any argument or suggestion that, if the FDIC's citizenship is considered in establishing its citizenship, this Court nevertheless has jurisdiction pursuant to §1332(a).  Rather, RES-NV APC argues that courts have disregarded the rule that a limited liability company is a

---

[2] Working through the membership structure of RL RES 2009-1 Investments, LLC establishes, ultimately, two members with citizenship: Jeffrey Krasnoff, an individual residing in Florida, and Lennar Corporation, a Delaware corporation with its principal place of business in Florida.  Hence, the citizenship of RL RES 2009-1 Investments, LLC, is Florida and Delaware.

3

citizen of every state. None of the cases cited by RES-NV APC support this assertion. In *Roskind v. Emigh*, 2007 WL 981725 (D.Nev., 2007), the court applied the well-established rule that "the citizenship of nominal or formal parties who have no interest in the action" is ignored in determining diversity, citing *Prudential Real Estate Affiliates v. PPR Realty*, 204 F.3d 867, 873 (9th Cir.2003). The court did not disregard the rule that a limited liability company is a citizen of every state, but applied that rule and then disregarded the citizenship of the limited liability company because it was a nominal party.[3] As RES-NV APC is not a nominal party to this action, the court cannot disregard its citizenship in determining whether the Court can exercise jurisdiction pursuant to §1332(a).

RES-NV APC's reliance on *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720 (8th Cir. 2001) is equally misplaced. In *Dominium Austin*, the court applied the rule that "if subject matter jurisdiction exists at the time the action is commenced, it will generally not be divested by subsequent events," citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991). Rather than ignoring the citizenship of a limited liability company, the court ruled that the subsequent event–the joinder of a non-diverse individual–did not divest the court of subject matter jurisdiction. Unlike *Dominium Austin,* the issue presently before this Court is not whether subsequent events have divested the court of subject matter jurisdiction, but instead is whether the Court had §1332(a) jurisdiction when the action commenced.

RES-NV APC has not offered any meritorious argument suggesting that, in determining whether this Court has §1332(a) diversity jurisdiction over this civil action, the Court can either (a) ignore RES-NV APC's citizenship, or (b) ignore the citizenship of the FDIC in determining that citizenship. Accordingly, as the FDIC is a federal corporation that

---

[3] For essentially identical reasons, RES-NV APC's citation to *Mallia v. Painewebber, Inc.*, 889 F.Supp. 277, 283 (S.D. Texas 1995) is misplaced. As in *Roskind*, the court applied the rule that the citizenship of nominal parties is disregarded.

4

is a citizen of no particular state, and as the FDIC is a member of the sole member of RES-NV APC, and thus as RES-NV APC's citizenship includes being a citizen of no particular State, this Court lacks §1332(a) diversity jurisdiction over this civil action.

Federal Question Jurisdiction

Though not raised by the defendants in their motion to dismiss, and though not alleged in its complaint, RES-NV APC devotes the greater portion of its opposition to arguing that the Court should not dismiss this matter because it has federal question jurisdiction pursuant to 12 U.S.C. §1819(b)(2)(A). The Court will consider the argument only to determine whether RES-NV APC should be granted leave to amend its complaint to allege such federal question jurisdiction.

Pursuant to §1819(b)(2)(A), "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States.

As RES-NV APC concedes in its opposition, "the FDIC is not the plaintiff." RES-NV APC's argument that this Court would have federal question jurisdiction over a deficiency action brought by the FDIC, if the FDIC had brought a deficiency action in this court, is irrelevant. RES-NV APC, not the FDIC, brought the instant action. RES-NV APC offers no support for its bald proposition that, if the FDIC's ownership interest is substantial, "then clearly the FDIC would be a 'party' pursuant to 12 U.S.C. §1819." RES-NV has not argued or suggested that the FDIC is a defendant, a third-party defendant, or is otherwise a party in any capacity to this action. As the FDIC is not and never has been a party, in any capacity, to this civil action, this civil action is not deemed to arise under the laws of the United States pursuant to §1819(b)(2)(A). Accordingly, the Court will not grant leave to amend.

THEREFORE,

1  THE COURT **ORDERS** that Defendants' Motion to Dismiss for Lack of Subject
2  Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) (#12) is
3  GRANTED.  This matter is DISMISSED without leave to amend.
4  THE COURT FURTHER **ORDERS** that Defendants' Motion to Certify Question of
5  Law to the Supreme Court of Nevada (#25) is DENIED as moot.

7  DATED this ___4___ day of November, 2011.

_____
Lloyd D. George
United States District Judge